# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERRY LYNN HARVEY, )  | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 13-2116-JWL** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

## I.    Background

Plaintiff applied for SSD and SSI, alleging disability beginning January 1, 2009. (R. 10, 132-42).  In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She alleges the

Administrative Law Judge (ALJ) erred in weighing the medical opinion of her treating physician, and in evaluating the credibility of Plaintiff's allegations of symptoms, and that the ALJ's residual functional capacity (RFC) assessment and his determination that Plaintiff can perform her past relevant work as a dispatcher is not supported by substantial record evidence.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

2

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136,

1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).

"If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step

four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, in light of the RFC assessed, claimant can perform her

past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court addresses each issue in the order presented in Plaintiff's brief, and finds no error in the Commissioner's decision.

## II.     Evaluation of the Treating Physician's Opinion

Plaintiff acknowledges that the ALJ accorded partial weight to the medical opinion of her treating physician, Dr. Kennedy "to the extent that [Ms.] Harvey was restricted to sedentary work with no more than occasional postural maneuvers, and no climbing ladders, scaffolds, or ropes; and restricted from atmospheres with contaminants due to asthma."  (Pl. Br. 27).  She claims, however, that the ALJ did not explain why he rejected Dr. Kennedy's opinion that Plaintiff suffers significant side effects from medication and that she suffers pain and fatigue which reduce her ability to function in the workplace.  Id. She argues that the ALJ's error is not excused by his reliance on the opinion of a state agency non-examining consultant, Dr. Raju, because the Tenth Circuit "has held that the opinions of physicians who have treated a patient over a period of time are given more weight than the views of those who only review the medical records and never examine the claimant."  (Pl. Br. 29) (citing Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); and Williams, 844 F.2d at 757).  The Commissioner argues that the ALJ properly weighed Dr. Kennedy's opinion in accordance with the regulatory factors, and that

substantial record evidence supports his decision.  She argues that the ALJ explained why he had adopted part of Dr. Kennedy's opinion, and that because he also "generally explained his concern about the lack of support for the opinion, his explanation was sufficient."  (Comm'r Br. 14) (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); and Jones v. Astrue, 500 F. Supp. 2d 1277, 1285 (D. Kan. 2007)).

### A.   Standard for Evaluating Treating Source Medical Opinions

A treating physician's opinion about the nature and severity of plaintiff's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Watkins, 350 F.3d at 1300-01; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned that opinion.  Robinson, 366 F.3d at 1083.

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Watkins, 350 F.3d at 1300.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is

rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the regulatory factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion.  If the ALJ rejects a medical opinion completely, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

### B.    The ALJ's Evaluation

The ALJ summarized and explained his evaluation of Dr. Kennedy's opinion regarding Plaintiff's limitations:

> Dr. Kennedy, the claimant's physician, opined on September 6, 2011, that the claimant was limited to lifting up to 20 pounds and carrying 10 pounds occasionally; standing, standing,[1] and walking up to one hour at a time;

---

[1]The court notes that Dr. Kennedy's "Medical Source Statement of Physical Work-Related Impairments" provided no limitations regarding Plaintiff's total ability to sit, stand, or walk in an eight hour workday, but stated that she was limited to sitting, standing, and walking only one hour at a time without interruption.  Therefore, the court finds that the ALJ's statement that Dr. Kennedy limited Plaintiff to "standing, standing, and walking up to one hour at a time," is a typographical error, and should state that Dr.

occasionally stooping, crouching, kneeling; never climbing, balancing, or crawling.  Dr. Kennedy also opined that the claimant should avoid exposure to dust, fumes, odors, smoke or chemicals.  Significantly, Dr. Kennedy only noted lumbar back pain, mild T11-12 disc degeneration, and asthma as medical impairments that restricted the claimant's functional capacities (Exhibit 27F (R. 1379-82)).  Dr. Kennedy's assessment is given partial weight to the extent that the claimant has been restricted to sedentary work with no more than occasional postural maneuvers, and no climbing ladders, scaffolds, or ropes.  As Dr. Kennedy cited the claimant's asthma as a physical limitation, the claimant is restricted from atmospheres with contaminants.

(R. 17).

The court also notes that as a preamble to his discussion of the medical opinion evidence the ALJ reiterated his credibility finding that Plaintiff's "statements regarding the severity of her symptoms have been heavily discounted."  Id.

## C.   Analysis

Although the ALJ's evaluation of Dr. Kennedy's opinion was brief, the court finds that in context the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight'" as is required by the law of the Tenth Circuit.  Oldham, 509 F.3d at 1258 (quoting Watkins, 350 F.3d at 1300).  As the ALJ noted, the only impairments that Dr. Kennedy suggested would restrict Plaintiff's functional abilities were lumbar back pain and degenerative disc disease at T11-12 (R. 1380, 1382), and asthma.  (R. 1382).

---

Kennedy limited Plaintiff to "sitting, standing, and walking up to one hour at a time."

Moreover, as the ALJ also noted, Dr. Kennedy's opinion, to the extent it stated specific limitations, primarily restricted Plaintiff to sedentary work.  The lifting and carrying limitations stated by Dr. Kennedy would accommodate sedentary work, and he did not provide any limitation in the cumulative amount of sitting, standing, or walking in an eight hour workday so long as each activity was not done for more than one hour at a time–which is easily accommodated within sedentary work.  (R. 1380).  To that extent, the ALJ gave weight to Dr. Kennedy's opinion.

Plaintiff complains that the "ALJ does not address why he rejects Dr. Kennedy's opinion regarding [Ms.] Harvey's side effects of medication, and her pain and fatigue." (Pl. Br. 27).  However, a review of Dr. Kennedy's medical source statement reveals that the physician did not specify any limitations as resulting from side effects, pain, or fatigue.  Rather, Dr. Kennedy merely responded "yes" to questions asking whether Plaintiff suffers fatigue or pain affecting her ability to work, and whether she suffers side effects from prescribed medication.  (R. 1382).  Therefore, it is by no means clear that the ALJ rejected Dr. Kennedy's opinion as it relates to side effects, fatigue, or pain.  To the extent that Dr. Kennedy suggested any specific limitations resulting from these factors, it must be recognized that he included those limitations in the exertional, postural, manipulative, and environmental limitations presented elsewhere in his medical source statement.  Yet, as discussed above the ALJ explained why he accorded partial weight to Dr. Kennedy's opinion, and Plaintiff does not point to any limitation which the ALJ assessed which is erroneous, or to any specific limitation opined by Dr. Kennedy which

8

should have been, but was not, included in the limitations assessed.  Plaintiff merely asserts that "fatigue may affect the individual's physical and mental ability to sustain work activity," that side effects "can include drowsiness and fatigue," and that she "testified that her medications made her sleepy."  (Pl. Br. 35).  Even accepting Plaintiff's assertions, she provides no reason to find that the ALJ did not consider those factors in this case, or that the RFC assessed does not provide sufficient accommodation for their effects on Plaintiff.

Moreover, contrary to Plaintiff's argument the opinion of Dr. Raju, the state agency consultant, does support the RFC assessed by the ALJ.  Dr. Raju affirmed the RFC form prepared by a single decisionmaker at the initial level of review, and that form assessed the ability to perform a wide range of light work activity. (R. 789) (affirming "RFC written on 8/2/10" (R. 81-88)).  The ALJ found that Plaintiff is able only to perform sedentary exertional work, found that standing and walking was reduced to four hours total in a workday, found that all postural movements were reduced to occasional, and eliminated climbing of ladders, ropes, and scaffolds.  He also found that Plaintiff must avoid exposure to fumes, odors, dusts, gases, and poor ventilation, etc.  Clearly, Dr. Raju opined that Plaintiff's abilities are less restricted than assessed by the ALJ, and the ALJ found that Plaintiff's abilities are less restricted than opined by Dr. Kennedy.  Dr. Raju's opinion is a medical opinion tending to provide support for the ALJ's determination that Plaintiff's abilities are not as restricted as Dr. Kennedy opined.

Plaintiff has shown no error in the ALJ's evaluation of Dr. Kennedy's opinion.

III.   **Credibility Determination**

Plaintiff claims the ALJ's credibility determination is flawed because the ALJ discounted her credibility due to exaggerated complaints, narcotic seeking behavior, feigned impairments, and misleading medical histories, but did not develop the record whether there is a psychological basis for Plaintiff's allegations of symptoms.  This is so in Plaintiff's view because when the bases given by the ALJ are considered in light of the ALJ's acknowledgment that a treating physician, Dr. Drahota, stated that Plaintiff was "attention seeking, close to Munchhausen" (R. 16) (quoting R. 976 (spelling in Dr. Drahota's note) and in light of the fact that Dr. Kennedy stated in a treatment note that he believed Plaintiff's traumatic brain injury could be contributing to her mood disorder, the ALJ had a duty to develop the record whether there was a psychological basis for Plaintiff's allegations of severe pain.

The Commissioner argues that substantial evidence supports the ALJ's credibility determination, that it is Plaintiff's responsibility to present evidence of disability, and that when a claimant is represented during the administrative proceedings it is her responsibility to raise alternative theories of her case.  The court finds no error in the credibility determination.

The court's review of an ALJ's credibility determination is deferential.  Credibility determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not

be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord

Hackett, 395 F.3d at 1173.

Therefore, in reviewing the ALJ's credibility determinations, the court will usually

defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392,

1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir.

1993) ("deference is not an absolute rule").  "However, '[f]indings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the

guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125,

1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

As the Commissioner points out, the ALJ "heavily discounted" the severity of

Plaintiff's allegations of disabling symptoms because her treatment records document

"frequent episodes of exaggerated complaints, narcotic seeking behavior, feigned

impairments and misleading histories."  (R. 16); see also (R. 16-17) (discussing this

pattern of behavior).  Plaintiff's argument does not deny this pattern of behavior and

argues that because of the pattern and two other references in the record the ALJ should

have developed the record to determine whether there is a psychological basis for

Plaintiff's allegations of disabling pain.  The court does not agree.

> The ALJ has a basic obligation in every social security case to ensure that
> an adequate record is developed during the disability hearing consistent
> with the issues raised.  This is true despite the presence of counsel, although
> the duty is heightened when the claimant is unrepresented.  The duty is one
> of inquiry, ensuring that the ALJ is informed about facts relevant to his
> decision and learns the claimant's own version of those facts.

Cowan v. Astrue, 552 F.3d 1182, 1187 (10th Cir. 2008) (quoting Henrie v. U.S. Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993) (citations, quotations, and brackets omitted)).  The claimant must raise the issue sought to be developed, and that issue must be substantial.  Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).  The claimant has the burden to make sure there is sufficient evidence in the record to suggest a reasonable possibility that there is a psychological basis for Plaintiff's allegations of disabling pain.  Id.  Moreover, normally "the ALJ may reasonably rely on 'counsel to identify the issue or issues requiring further development.' "  Wall, 561 F.3d at 1063 (quoting Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004)).

Here, neither Plaintiff nor her counsel argued that there was a psychological basis for her allegations of severe pain.  Moreover, the record does not suggest a reasonable possibility that there is a psychological basis for Plaintiff's pain.  Dr. Kennedy's brief comment in a single treatment note that Plaintiff's traumatic brain injury (received in a motor vehicle accident in April, 2008) "may be contributing some to her mood disorder" (R. 858, 859-60), says nothing about either a possible somatoform disorder or a reason to infer a psychological basis for allegations of severe pain.

Dr. Drahota's treatment record comes closer to providing a basis for inquiry, but also to no avail.  As the ALJ specifically noted (R. 16), and as Plaintiff points out (Pl. Br. 33), in a single note dated June 21, 2011 Dr. Drahota stated, "this pt. is attention seeking [-] close to munchhausen."  (R. 976) (spelling in original).  It is clear both that Dr. Drahota considered whether Plaintiff might have munchausen syndrome, and that the ALJ

12

recognized that fact.  However, the record reveals Dr. Drahota's conclusion that Plaintiff does not have munchausen syndrome, but her attention-seeking is "close" to munchausen. In these circumstance, the treating physician concluded that Plaintiff does not have munchausen syndrome, and neither Plaintiff nor her counsel suggested to the ALJ that there is a psychological basis for her allegations of severe pain, this record will not support a finding that the ALJ should have further developed the record in that regard.

## IV.    RFC Assessment

Plaintiff claims that the ALJ's RFC assessment is not supported by substantial record evidence, and she argues that the ALJ did not adequately consider her infected abscesses, her obesity, or the side effects of medications in assessing limitations in her RFC.  (Pl. Br. 34-36).  However, Plaintiff does not point to any record evidence of limitations resulting from these conditions which were not, but should have been, included in the RFC assessed by the ALJ in this case.  Plaintiff's argument in this regard merely invites the court to reweigh the evidence and substitute its judgement regarding RFC limitations for that of the Commissioner.  As noted in the court's explanation of the legal standard for judicial review of the Commissioner's decision, it may not do so.  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman, 511 F.3d at 1272 (quoting Casias, 933 F.2d at 800); accord, Hackett, 395 F.3d at 1172.  However, the Commissioner's determination may be found erroneous if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray, 865 F.2d at 224.  But, Plaintiff has not demonstrated how the record

evidence overwhelms the decision or how the decision is merely a conclusion in the guise of findings.  She has shown no error in the ALJ's RFC assessment.

## V.     Past Relevant Work

Plaintiff's claim that the determination that she can perform her past relevant work is not supported by substantial record evidence rests upon her claims of error in weighing the medical evidence, in evaluating her credibility, and in assessing RFC.  (Pl. Br. 36-37).  Because the court has found no error as alleged by Plaintiff, it finds no error in the determination that Plaintiff can perform her past relevant work.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 25th  day of August 2014, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**